UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VENA PARAY,

                Plaintiff,

-against-

INTUIT,

                Defendant.

24-CV-5046 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Queens County, New York, brings this *pro se* action against her former employer arising from its handling of her mental health issues as an employee and the eventual termination of her employment. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).[1]

    Plaintiff invokes Title I of the Americans with Disabilities Act (ADA), which borrows the venue provision from Title VII of the Civil Rights Act of 1964. S*ee* 42 U.S.C. § 12117(a)

---

[1] For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

(incorporating Title VII's venue provision for claims under Title I of the ADA). Title VII's venue provision provides that such a claim may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff alleges that she worked for Defendant Intuit and identifies Port Jefferson, New York, on Long Island, as her place of employment.[2] At the time of filing this action, Plaintiff lives in Howard Beach, in Queens County, New York. Because Plaintiff was employed in New York, venue for her ADA claim is proper in any district in the State of New York, including the Southern District of New York.

Even when venue is proper in the district where a case is filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum;

---

[2] Although it is not entirely clear, Plaintiff seems to indicate that she worked from her home.

(9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Suffolk County, New York, and Plaintiff resides in Queens County, New York. Suffolk and Queens Counties are in the Eastern District of New York. 28 U.S.C. § 112(c). Plaintiff's choice of forum is entitled to less deference because the operative events occurred outside this district and Plaintiff does not reside in the chosen forum. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 9, 2024
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                      Chief United States District Judge